FILED

U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 2 3 2009

DAVID J. MALAND, CLERK

BY _____
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:04CR116 |
| | § | |
| EARL RAY HENRY | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 15, 2009 to determine whether the Defendant violated his supervised release. The Defendant was represented by Ron Uselton. The Government was represented by Maureen Smith.

On June 28, 2005, the Defendant was sentenced by the Honorable Paul Brown, United States District Judge, to 70 months imprisonment, followed by a 5-year term of supervised release for the offense of Conspiracy to Manufacture, Distribute or Possess with Intent to Distribute or Dispense Cocaine Base (Crack). On November 17, 2006, this matter was re-assigned to the Honorable Richard A. Schell, United States District Judge. On April 30, 2008, the sentence was reduced to 40 months imprisonment followed by a 5-year term of supervised release, and on May 9, 2008, Defendant was released from custody and ordered to commence service of a 5-year term of supervised release.

1

On December 1, 2008, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 582). The petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance, and Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall not associate with any persons engaged in criminal activity and shall not associated with any person convicted of a felony unless granted permission to do so by the probation officer; (4) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer; and (5) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.

The petition alleges that Defendant committed the following violations: (1) on October 7 and 30, 2008, Defendant submitted urine specimens to Sharp Focus Centers, Denton, Texas, which tested positive for cocaine; (2) on October 21, 2008, when questioned about his illegal drug use, Defendant admitted verbally to Senior U.S. Probation Officer Linda Werner that he was associating with individuals who were using illegal drugs; (3) on November 10, 2008, Senior U.S. Probation Officer Linda Werner attempted to conduct a home visit at Defendant's residence located at 140 Pintail, Sanger, Texas, when Officer Werner arrived at the residence, Defendant was standing in his

2

driveway with three males, Defendant then walked into his residence and closer the door, Officer Werner rang the doorbell and knocked on the door numerous times, but Defendant refused to come to the door, failing to allow Officer Werner to conduct a home visit; (4) Defendant failed to attend substance abuse counseling at Sharp Focus Centers, Denton, Texas, on November 11, 2008, as directed; (5) Defendant failed to report for drug testing as directed at Sharp Focus Centers, Denton, Texas on May 31, August 21, September 25 and 29, October 18, November 5, 10 and 15, 2008.

At the hearing, the Government withdrew its allegations concerning the home visit. And, prior to the Government putting on its case, Defendant entered a plea of true to all alleged violations other than the withdrawn allegation regarding Defendant's home visit. At the hearing, the Court recommended that Defendant's supervised release be revoked based on those violations.

## **RECOMMENDATION**

Having heard the argument of counsel, the Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of fourteen (14) months, with no supervised release to follow. The Court further recommends that all or part of this term of imprisonment be served in inpatient treatment as identified and recommended by the U.S Probation Office.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED** this _____ day of _____, 2009.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

4